**No. 55604.**—W. A. Taylor & Co. et al. *v.* United States, protests 122540–K, etc. (New York).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* *v. United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 55605.**—Emil Buschhoff & Co., Inc., et al. *v.* United States, protests 125634–K (S), etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55606.**—M. Cohen & Sons Shoe Co. *v.* United States, protests 126301–K (S) and 133033–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55607.**—The Fan Co. *v.* United States, protests 169311–K, etc. (New York).

Opinion by EKWALL, J. At the hearing it was stipulated that the circumstances relating to the liquidator's conversion of the currency are similar in all material respects to those in Abstract 54732. The collector's letter of transmittal, which was received in evidence, conceded that the conversion of the currency should have been made in accordance with Bureau of Customs Circular Letter No. 2675. In view of the stipulation and following the cited decision it was held that the cur-